**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **TRAXCELL TECHNOLOGIES, LLC,** | |
| Plaintiff, | Civil Action No. 6:22-cv-01000-AM |
| v. | Jury Trial Demanded |
| **SHOPIFY DATA PROCESSING (USA) INC.,** | |
| Defendant. | |

**DEFENDANT SHOPIFY DATA PROCESSING (USA) INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(3)**
**AND 12(b)(6)**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF FACTS .....................................................................................2

    A.    Shopify DP ..................................................................................................2

    B.    Traxcell's Allegations Regarding Venue .....................................................3

    C.    The Asserted Patent ....................................................................................3

    D.    Traxcell's Infringement Allegations ...........................................................4

III.   LEGAL STANDARD ...........................................................................................5

    A.    Rule 12(b)(3) ..............................................................................................5

    B.    Rule 12(b)(6) ..............................................................................................6

        1.    Direct Infringement ........................................................................7

        2.    Induced Infringement. .....................................................................8

        3.    Contributory Infringement. .............................................................8

IV.   ARGUMENT .........................................................................................................9

    A.    Traxcell's Complaint Should Be Dismissed For Improper Venue. .............9

        1.    Shopify DP does not have a "physical place" in this District. .......9

        2.    Traxcell cannot establish the second and third requirements for a "regular and established place of business." ................................13

    B.    Traxcell's Complaint Should Be Dismissed For Failure To State A Claim. .........13

        1.    The complaint fails to state a plausible claim for direct infringement. ..................................................................................14

        2.    The complaint fails to state a plausible claim for induced infringement. ..................................................................................17

        3.    The complaint fails to state a plausible claim for contributory infringement. ..................................................................................18

V.    CONCLUSION ....................................................................................................20

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Federal Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
　620 F. App'x 934 (Fed. Cir. 2015) ...............................................................6, 8, 17

*Ambraco, Inc. v. Bossclip B.V.*,
　570 F.3d 233 (5th Cir. 2009) .................................................................................6

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
　6 F.4th 1283 (Fed. Cir. 2021) .............................................................................12

*Arris Grp., Inc. v. British Telecomm. PLC*,
　639 F.3d 1368 (Fed. Cir. 2011)..............................................................................8

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009).................................................................................................6

*In re Bill of Lading*,
　681 F.3d 1323 (Fed. Cir. 2012)............................................................................19

*Board of Regents v. Medtronic PLC*,
　2018 WL 4179080 (W.D. Tex. July 19, 2018) ......................................................6

*Centillion Data Sys. v. QWEST Commc'ns*,
　631 F.3d 1279 (Fed. Cir. 2011)...................................................................*passim*

*Cloudofchange, LLC v. NCR Corp.*,
　2022 WL 1527756 (W.D. Tex. Oct. 27, 2022) .................................................8, 17

*Commil USA, LLC v. Cisco Sys., Inc.*,
　575 U.S. 632 (2015)..........................................................................................8, 19

*In re Cordis*,
　769 F.2d 733 (Fed. Cir. 1985).......................................................................10, 13

*In re Cray Inc.*,
　871 F.3d 1355 (Fed. Cir. 2017).....................................................................*passim*

*De La Vega v. Microsoft Corp.*,
　2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)..................................................6, 15

*DSU Med. Corp. v. JMS Co.*,
　471 F.3d 1293 (Fed. Cir. 2006).......................................................................8, 17

*ESW Holdings, Inc. v. Roku, Inc.*,
   2021 WL 1069047 (W.D. Tex. Mar. 18, 2021) ...........................................................7

*Genuine Enabling Tech., LLC v. Nintendo Co., Ltd.*,
   369 F. Supp. 3d 590 (D. Del. 2019)..........................................................................11

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
   365 F.3d 1054 (Fed. Cir. 2004)............................................................................8, 19

*In re Google*,
   949 F.3d, 1338 (Fed. Cir. 2020)................................................................................11

*GreatGigz Sols., LLC v. ZipRecruiter, Inc.*,
   2022 WL 432558 (W.D. Tex. Feb. 11, 2022)..............................................................9

*Grecia v. McDonald's Corp.*,
   724 F. App'x 942 (Fed. Cir. 2018) ...........................................................................17

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017)...........................................................................7, 17

*Interactive Toybox, LLC v. Walt Disney Comp.*,
   2018 WL 5284625 (W.D. Tex. Oct. 24, 2018)......................................................6, 12

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
   2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ......................................................8, 18

*Kranos IP Corp. v. Riddell, Inc.*,
   2017 WL 3704762 (E.D. Tex. Aug. 28, 2017) ...........................................................6

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
   2021 WL 3931910 (W.D. Tex. Sep. 1, 2021)............................................................19

*Omega Pats., LLC v. CalAmp Corp.*,
   920 F.3d 1337 (Fed. Cir. 2019).................................................................................15

*Optic153 LLC v. Thorlabs Inc.*,
   2020 WL 3403076 (W.D. Tex. June 19, 2020) .........................................................11

*Pers. Audio, LLC v. Google, Inc.*,
   280 F. Supp. 3d 922 (E.D. Tex. 2017)........................................................................1

*Rotec Indus., Inc. v. Mitsubishi Corp.*,
   215 F.3d 1246 (Fed. Cir. 2000)..................................................................................15

*Synchronoss Techs., Inc. v. Dropbox, Inc.*,
   987 F.3d 1358 (Fed. Cir. 2021).......................................................................7, 15, 16

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017)..............................................................................................5, 9

*Traxcell Techs., LLC v. Google LLC*,
   3:22-cv-04807-JSC, Dkt. 75 (C.D. Cal. Nov. 17, 2022)...................................2, 16, 18, 19, 20

*Traxcell Techs., LLC v. Verizon Wireless Personal Commun., LP*,
   6:20-CV-01175-ADA, Dkt. 84 (W.D. Tex. May 6, 2022) ...........................................1, 18, 19

*Traxcell Techs., LLC v. Verizon Wireless Personal Commun., LP*,
   6:20-CV-01175-ADA, Dkt. 92 (W.D. Tex. May 21, 2022) ....................................................2

*Westech Aerosol Corp. v. 3M Co.*,
   927 F.3d 1378 (Fed. Cir. 2019)..............................................................................................13

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018).......................................................................................5, 9, 3

**Federal Statutes**

28 U.S.C. § 1400(b) ................................................................................................... *passim*

35 U.S.C. § 271(a) ...........................................................................................................7, 17

35 U.S.C. § 271(c) .................................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)..........................................................................................................19

Fed. R. Civ. P. 12(b)(3)............................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6).............................................................................................. *passim*

## I.     INTRODUCTION

Shopify Data Processing (USA) Inc. ("Shopify DP") respectfully requests that the Court dismiss this case pursuant to (1) Rule 12(b)(3) for improper venue under 28 U.S.C. § 1400(b) and (2) Rule 12(b)(6) because Traxcell's complaint fails to state any plausible infringement claim.

*First*, Traxcell's complaint fails to establish venue as a matter of law.  Traxcell has not pled facts sufficient to establish venue under Section 1400(b) and cannot do so because Shopify DP has no presence in the District.  Indeed, well before Traxcell filed its complaint, Shopify DP had stopped conducting any business whatsoever.  Declaration of Michael Johnson ("Johnson Decl."), ¶ 17.  Accordingly, venue in this District is improper.  *Pers. Audio, LLC v. Google, Inc*., 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017) (venue determined as of date suit is filed).

*Second*, Traxcell's direct, induced, and contributory infringement allegations fail to state any plausible claim for relief.  As to direct infringement, Traxcell fails to plead facts sufficient to show that Shopify DP itself makes, uses, sells, offers for sale, or imports the accused system—nor can it.  In fact, Traxcell's complaint *concedes* that the accused system requires wireless mobile communication devices provided by third parties and actions taken by the end user, yet pleads no facts to establish that Shopify DP directs or controls any of those third parties.  Traxcell also does not plead facts sufficient to demonstrate the necessary knowledge and specific intent for its claims of induced and contributory infringement.

Furthermore, Traxcell has a proven history of filing deficient pleadings regarding the *same* patent at issue here (U.S. Patent No. 10,820,147 (the "'147 patent")).  Despite losing multiple motions to dismiss, Traxcell continues to file deficient complaints.  *See*, *e.g.*, *Traxcell Techs., LLC v. Verizon Wireless Personal Commun., LP*, 6:20-CV-01175-ADA, Dkt. 84 (W.D. Tex. May 6, 2022) (dismissing Traxcell's induced and contributory infringement claims as to all patents-in-suit (including the '147 patent) with prejudice after Traxcell filed four amendments to its complaint);

1

*Id.*, Dkt. 92 (W.D. Tex. May 21, 2022) ("As to the '147 Patent, any direct infringement theory that relies on the activity of [third-party] Google for infringement is dismissed."); *Traxcell Techs., LLC v. Google LLC*, 3:22-cv-04807-JSC, Dkt. 75 (C.D. Cal. Nov. 17, 2022) (granting defendant's motion to dismiss Traxcell's direct, contributory, and pre-suit induced infringement claims).  This Complaint bears the same hallmarks of deficiency as Traxcell's other deficient pleadings.

Accordingly, Shopify DP respectfully requests that Traxcell's complaint be dismissed under Rules 12(b)(3) and 12(b)(6).

## II.   STATEMENT OF FACTS

### A.   *Shopify DP*

Shopify DP is a Delaware corporation.  *See* Johnson Decl., ¶ 9.  Shopify DP formerly operated U.S. data centers.  Johnson Decl., ¶ 14.  However, since December 2020, Shopify DP has not operated any U.S. data centers.  *Id.*  Indeed, as of the date of Traxcell's complaint, Shopify DP conducted no business anywhere in the United States.  *Id.*, ¶ 15.  As of the date of Traxcell's complaint, Shopify DP had zero employees in the Western District of Texas and neither rented nor owned any real estate in the United States, including in this District.  *Id.*, ¶¶ 10, 12.  Indeed, Shopify DP never had any employees in the Western District of Texas.  *Id.*, ¶ 10.  Shopify DP also did not (and does not) design, make, or sell *any* products.  *Id.*, ¶ 18.

Furthermore, Shopify DP has always functioned as a wholly separate entity from other Shopify entities, including Shopify Inc. and Shopify Holdings (USA), Inc. ("Shopify Holdings"), which were referenced by Traxcell in its complaint.  As of the date of Traxcell's complaint, Shopify DP maintained its own books and records, maintained adequate capital reserves, and maintained control over its daily operations.  Johnson Decl., ¶¶ 19-22.

**B.** *Traxcell's Allegations Regarding Venue*

Traxcell filed this action against Shopify DP on September 22, 2022, alleging that "Shopify's technology platform for connecting consumers with merchants (*see, e.g.,* https://www.shopify.com/)" infringes the '147 patent. *See* Compl., ¶ 15. Traxcell's complaint concedes that Shopify DP is a Delaware corporation. *Id.*, ¶ 2. The complaint does not allege Shopify DP has a physical place of business in the District. Instead, Traxcell alleges that venue is proper in this District because Shopify DP "has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District." *Id.*, ¶ 11. Traxcell asserts that other Shopify entities, Shopify Inc. and Shopify Holdings, are registered to do business in the District. *Id.*, ¶ 2. Traxcell also points to Shopify DP's alleged customers in the District, whom Traxcell characterizes as "business partners." *Id.*, ¶ 8 (alleging "Defendant regularly does, solicits, and transacts business in the Western District of Texas with over 25,000 business partners in Texas"), 11 (cross-referencing earlier paragraphs). Finally, Traxcell, without any factual support, asserts Shopify DP is hiring in this District. *Id.*, ¶ 8.

**C.** *The Asserted Patent*

The '147 patent relates to a system for "on-line" and "off-line" navigation for mobile devices that allows for traffic congestion analysis. Compl., Ex. A ('147 patent) at Title, Abstract. Traxcell's complaint identifies independent system claim 1 as exemplary. *Id.*, ¶ 24. Claim 1 recites a "wireless communications system" that requires hardware, including:

- "a first radio-frequency transceiver within a wireless mobile communications device and an associated first antenna,"
- "a first processor within the wireless mobile communications device,"
- "at least one second radio-frequency transceiver and an associated at least one second antenna of the wireless communications network," and
- "a second processor coupled to the at least one second radio-frequency transceiver." Compl., Ex. A ('147 patent) at Claim 1.

3

Claim 1 requires location-tracking settings to be enabled.  *See*, *e.g.*, *id.* ("wherein the first processor determines user navigation information and displays the user navigation information" "the network updates the user navigation information in conformity with traffic congestion information").

      **D.**     ***Traxcell's Infringement Allegations***

In its complaint, Traxcell states that it is "seeking relief from patent infringement by ***Shopify Data Processing (USA), Inc***." and broadly defines "Shopify [DP]'s technology platform for connecting consumers with merchants" as the "Accused Products."  Compl., ¶ 15 (emphasis added).  However, the claim chart attached to Traxcell's complaint refers only to Shopify Inc.—a separate and distinct entity—not Shopify DP.  Compl., Ex. B at 1 ("***Shopify, Inc.*** ('Shopify') provides a technology platform that allows customers to 'Create an ecommerce website system including: backed by powerful tools that help you find customers, drive sales, and manage your day-to-day.'") (emphasis added).

Traxcell's allegations in its complaint and the attached claim chart rely upon various components that, according to Traxcell, together create an infringing system.  As is evident from Traxcell's claim chart, many of the identified components are provided by neither Shopify DP nor Shopify Inc.  For example, the complaint alleges that Shopify DP's Accused Products include "U.S. networks, wireless-network components, and related services that use identified locations of wireless devices to provide direction."  Compl., ¶ 17.  But Traxcell does not allege U.S. networks are part of Shopify DP's alleged "technology platform for connecting consumers with merchants."  And, as Traxcell's claim chart confirms, Shopify DP does not even provide the alleged platform.

The claim chart further identifies ***Shopify Inc.'s*** (not Shopify DP's) mobile application "Shop," Google and Samsung mobile devices, and a package tracking device as elements of the accused system, none of which Shopify DP provides.  *See* Compl., Ex. B at 1, 17; *see also* Johnson

Decl., ¶ 18.  In fact, as Traxcell readily admits, the accused features, by themselves, are not configured to allow for location tracking.  *See* Compl., Ex. B at 10, 22.  Instead, a user, i.e. the individuals who "browse, purchase, and track online merchandise," must configure the Shop application to allow for user tracking (*i.e.*, enable permission to track the user's location).  *See* Compl., Ex. B at 1, 19-20.  Traxcell alleges only that it is either the "user's wireless mobile communication device" or the "package's package tracking device" that "communicates with the Shopify [Inc.] platform."  *See id.* at 17.  Traxcell does not allege that Shopify DP provides or controls these devices; nor does Traxcell plead that Shopify DP obtains a benefit from these devices or otherwise plead any facts regarding the details of any such benefit.

## III.    LEGAL STANDARD

### A.    *Rule 12(b)(3)*

Venue is governed by 28 U.S.C. § 1400(b), "the exclusive provision controlling venue in patent infringement proceedings."  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017).  Traxcell bears the burden of establishing venue.  *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).  Because Section 1400(b) is unique to patent law, Federal Circuit law governs the analysis of whether venue is proper.  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  Section 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district [1] where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."  *TC Heartland*, 137 S. Ct. at 1517.  The second prong, a "regular and established place of business," requires (1) "a physical place in the district"; (2) the place "must be a regular and established place of business"; and (3) "the regular and established place of business must be the place of the defendant."  *In re Cray*, 871 F.3d at 1362-64 (internal quotations

omitted).  If any statutory requirement is not satisfied, venue is improper.  *Id.*

As this Court has recognized, venue cannot be imputed on a corporate relative, "[e]xcept where corporate formalities are ignored and an alter ego relationship exists," which Plaintiff has not plead.  *Board of Regents v. Medtronic PLC*, 2018 WL 4179080, *2 (W.D. Tex. July 19, 2018). "Conclusory allegations of 'alter ego' status are insufficient to state a claim."  *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003).  "Settled law always presumes that corporations exist as separate entities."  *Interactive Toybox, LLC v. Walt Disney Comp.*, 2018 WL 5284625, *3 (W.D. Tex. Oct. 24, 2018) (even 100% stock ownership and commonality of officers and directors is not alone sufficient to establish an alter ego relationship).

In deciding Rule 12(b)(3) motions, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."  *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citation omitted); *see also Kranos IP Corp. v. Riddell, Inc.*, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017) (affidavits submitted by defendant are one source of factual information for improper venue analysis).

**B.**    *Rule 12(b)(6)*

Dismissal under Rule 12(b)(6) is warranted if the plaintiff fails to allege sufficient facts to "state a claim to relief that is plausible on its face."  *De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *2 (W.D. Tex. Feb. 11, 2020).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015) ("*Twombly* and *Iqbal* require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed.").

*1.     Direct Infringement.*

Under 35 U.S.C. § 271(a), a defendant is liable for direct infringement, if "without authority, [the defendant] makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a).  Direct infringement of a patented system requires that a party "put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it." *Centillion Data Sys. v. QWEST Commc'ns*, 631 F.3d 1279, 1284 (Fed. Cir. 2011).[1]  The party must therefore control and benefit from "each claimed component" of the system, not merely one portion thereof. *Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017); *see also Synchronoss Techs., Inc. v. Dropbox, Inc.*, 987 F.3d 1358, 1369 (Fed. Cir. 2021) ("Direct infringement by 'use' of a claimed system requires use of each and every element of the system."); *ESW Holdings, Inc. v. Roku, Inc.*, 2021 WL 1069047, at *5 (W.D. Tex. Mar. 18, 2021) (accused infringer cannot infringe system claim where it "neither controls each system component recited in [the claim] nor makes, sells, or offers to sell [all of] the claimed system.").  To the extent that third-party conduct or components are part of a direct infringement allegation, the defendant is only vicariously liable for acts of the third party if there is an agency relationship between the defendant and the third party or the defendant conditions participation in an activity or receipt of

---

[1] While Traxcell's claim chart—which purports to show how Shopify Inc. (not Shopify DP) "uses" or "makes" the system claimed in claim 1—alleges (without citation to any case law) that "infringement liability is not dependent on ownership" and therefore "infringement is not dependent on ownership of all limitations of a claim," Compl., Ex. B at 1, the law is clear that the accused infringer must "control the system as a whole and obtain benefit from it" or must "combine all the claim elements" in order to infringe by making or using the accused system. *Centillion*, 631 F.3d at 1284, 1288.  As discussed in more detail below, Traxcell fails to allege facts sufficient to state a claim that Shopify DP controls or benefits from the system—one which indisputably requires third-party hardware and end-user interaction.

a benefit upon performance of infringing activity.  *See Centillion*, 631 F.3d at 1287; *Cloudofchange, LLC v. NCR Corp.*, 2022 WL 15527756, at *7-8 (W.D. Tex. Oct. 27, 2022).

        2.       *Induced Infringement.*

      "To properly state a claim for induced infringement, a complaint must plead facts that plausibly show that the defendant has specific intent to cause another party's direct infringement and knew that the other party's acts constituted infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015); *see also Addiction & Detoxification*, 620 F. App'x at 938 ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement.").  Further, knowledge of the asserted patent is required.  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006).

        3.       *Contributory Infringement.*

      A party can only be found to contributorily infringe a patent if (i) the accused product is used to "commit acts of direct infringement," (ii) the use "constituted 'a material part of the invention,'" (iii) the party knew the accused product was "especially made or especially adapted for use in an infringement," and (iv) the accused "product is 'not a staple article or commodity of commerce suitable for substantial noninfringing use.'" *Arris Grp., Inc. v. British Telecomm. PLC*, 639 F.3d 1368, 1376 (Fed. Cir. 2011) (quoting 35 U.S.C. § 271(c)).  The defendant must know "that the combination for which its components were especially made was both patented and infringing." *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("[C]ontributory infringement requires knowledge of the patent in suit and knowledge of patent infringement.").

## IV.     ARGUMENT

### A.     *Traxcell's Complaint Should Be Dismissed For Improper Venue.*

Traxcell cannot meet its burden of establishing proper venue in this District.  *In re ZTE*, 890 F.3d at 1013.  There is no dispute that Shopify DP does not reside in the Western District of Texas, as a "domestic corporation 'resides' only in its State of incorporation," *TC Heartland*, 137 S. Ct. at 1517, and Shopify DP is incorporated in Delaware, *see* Compl., ¶ 2 ("Defendant[, Shopify DP] is a Delaware corporation.").  Accordingly, venue is proper only if Shopify DP has a "regular and established place of business" in the Western District of Texas.[2]  28 U.S.C. § 1400(b).

Traxcell fails to establish ***any*** of the three requirements to prove that Shopify DP has a regular and established place of business in this District, i.e., that (1) Shopify DP has a physical place in this District; (2) that the physical place is a regular and established place of business; and (3) that the physical place is Shopify DP's place.  *In re Cray*, 871 F.3d at 1360; *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, 2022 WL 432558, at *2 (W.D. Tex. Feb. 11, 2022) (plaintiff must ***prove all three requirements*** of "regular and established of business" prong to establish proper venue).  Traxcell's attempts to manufacture a basis for venue in this District should be rejected.  The facts Traxcell pleads in support of venue are inaccurate and irrelevant, because they are insufficient as a matter of law.  Traxcell's complaint should be dismissed for improper venue.

### 1.     *Shopify DP does not have a "physical place" in this District.*

Traxcell's complaint does not even plead that Shopify DP has a physical place in this District.  For this reason alone, venue is improper and this Action should be dismissed.  *See generally In re Cray*.  Moreover, any amendment would be futile because the facts do not support

---

[2] As discussed *infra* Section IV.B regarding Shopify DP's Rule 12(b)(6) arguments, Shopify DP does not infringe the Asserted Patent.  However, for the purposes of venue, Shopify DP is challenging only the regular and established place of business requirement.

venue.  Section 1400(b) requires a physical, geographical location.  *Id.* at 1362.  Shopify DP owns no buildings, rents no office space, and maintains no physical, geographical location in this District.  Johnson Decl., ¶ 12.  Shopify DP does not keep any equipment, such as servers, in the District.  *Id.*, ¶ 13.  Shopify DP has never employed anyone in this District.  *Id.*, ¶ 10.  Indeed, Shopify DP conducts **no** business in this District.  *In re Cordis*, 769 F.2d 733, 737 (Fed. Cir. 1985) (appropriate inquiry is whether defendant does its business through a "permanent and continuous presence" in district).  Accordingly, Shopify DP does not have a "physical place in the district."

Unable to plead any facts to establish that Shopify DP has a physical presence in the District, Traxcell improperly attempts to manufacture venue by pointing to Shopify DP's alleged "customers" (which it refers to as "business partners"); unrelated Shopify entities; and alleged "hiring" of employees.  Each of those allegations is insufficient to establish venue in this District.

*First*, Traxcell claims that Shopify DP has "business partners" in Texas, pointing to Shopify DP's alleged customers.[3]  But Shopify DP has no customers.  Johnson Decl., ¶ 16.  And even if it did, that fact would be irrelevant because the mere presence of customers in a district is insufficient to establish a place of business for venue purposes.  *In re Cray*, 871 F.3d at 1365 (rejecting argument that mere presence of customers in the district establishes a place of business and distinguishing *In re Cordis* where defendant affirmatively acted to make permanent operations

---

[3] Traxcell contends that Shopify DP "transacts business . . . with over 25,000 business partners [i.e., "customers"] in Texas" and cites a third-party website purporting to list "Current Shopify Customers in Texas" that has no connection to any Shopify entity and identifies no source for its information.  Compl., ¶ 2.

to service its customers there).[4]  Moreover, neither Traxcell's allegations nor the website Traxcell

cites in support of its allegations make any reference to *this District*.  Instead, the identified website

purports         to        list        "[w]ebsites        using        Shopify        *in        Texas*."        *See*

https://trends.builtwith.com/websitelist/Shopify/United-States/Texas (emphasis added).   And in

any event, the cited website merely generically refers to "Shopify," rather than Shopify DP.  *Id.*

Traxcell's complaint includes no allegations that the alleged "business partners" are customers of

*Shopify DP*.  Nor could it, as Shopify DP does not have any customers.  Johnson Decl., ¶ 16.

*Second*, Traxcell's complaint tangentially mentions two other Shopify entities—Shopify

Inc. and Shopify Holdings—stating that those entities are registered to do business in Texas.

Compl., ¶ 2.  Traxcell, however, does not offer any insight into why this fact has any bearing on

whether venue is proper for *Shopify DP*.  It does not.  These two other Shopify entities are not

parties to the instant case, where only Shopify DP is a defendant.  *See generally* Compl.

Even if this Court were to consider Traxcell's allegations regarding these other Shopify

entities relevant to venue over Shopify DP, these allegations fail as a matter of law.  The fact that

an entity is registered to do business in Texas does not establish that venue is proper in this District.

*See Optic153 LLC v. Thorlabs Inc.*, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020) ("The

mere fact that Defendant is registered and earns revenue in Texas has no bearing on the Court's

venue analysis."); *Genuine Enabling Tech., LLC v. Nintendo Co., Ltd.*, 369 F. Supp. 3d 590, 597

---

[4] Neither the cited website nor Traxcell's complaint provide any detail describing how a listing of
websites indicates that the listed companies are Shopify DP's "business partners."  To the extent
Traxcell is contending that a principal-agency relationship exists between Shopify DP and these
purported "business partners," it has failed to establish any relationship at all between these
"partners" and Shopify DP, let alone an agency relationship.  For example, Traxcell has alleged
no facts regarding the principal's right to direct or control the agent's actions, the manifestation of
consent by the principal to the agent that the agent shall act on his behalf, or the consent by the
agent to act.  *Cf. In re Google*, 949 F.3d, 1338, 1345 (Fed. Cir. 2020).

(D. Del. 2019). And Traxcell fails to plead any facts to establish that either of these two Shopify entities has a physical place of business within this District. *See generally* Compl.

Even if these non-party entities did have a physical place of business in this District, Traxcell has not alleged that the activities of the other Shopify entities can be imputed to Shopify DP. *Id.* Traxcell's complaint does not allege that Shopify DP is the "alter ego" of any other Shopify entity, let alone contain specific facts to support an alter ego theory. *See Neilson,* 290 F. Supp. 2d at 1115 ("Conclusory allegations of 'alter ego' status are insufficient," plaintiff must allege the elements of alter ego liability, and facts supporting them); *Interactive Toybox*, 2018 WL 5284625, at *3 ("100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship.") (internal quotations omitted).

Nor could it. Shopify DP is a separate and distinct company from the other Shopify entities, (Johnson Decl. ¶ 19) and Traxcell's complaint contains no allegations to the contrary. *See generally* Compl. Shopify DP has always maintained corporate separateness from the other Shopify entities by maintaining its own books and records, maintaining adequate capital reserves, and maintaining control over its daily operations. Johnson Decl. ¶¶ 19-22. Traxcell has alleged no facts refuting corporate separateness and, therefore, cannot "meet[] its substantial burden . . . to overcome the presumption of corporate separateness." *Interactive Toybox*, 2018 WL 5284625, at *4. Where related companies maintain corporate separateness, the place of business of one corporation cannot be imputed to another for venue purposes. *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021).

**Finally**, Traxcell's unsupported claim that "Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patent-in-suit," Compl., ¶ 8, is legally insufficient to establish venue. In the absence of a physical place of business

in the District, the mere presence (or hiring) of employees in the District is insufficient to establish venue. *In re ZTE*, 890 F.3d at 1015 (place of business must be "a place *of the defendant*, not solely a place of the defendant's employee[s]") (emphasis in original); *In re Cordis*, 769 F.2d at 737 (upholding dismissal of a patent infringement suit for lack of venue where defendant's sole employee worked from home in the district). Moreover, Traxcell has not even alleged facts sufficient to establish that Shopify DP has (or is hiring) *any* employees in the District. Shopify DP has no employees, never had any employees in Texas and is not seeking to hire anyone in this District or in any district. Johnson Decl. ¶ 10.

2.    *Traxcell cannot establish the second and third requirements for a "regular and established place of business."*

Because Shopify DP does not have a physical presence in this District, Traxcell cannot establish the required second or third elements for venue—that the physical place is "regular and established" and a "place of" Shopify DP—as a matter of law. *In re Cray*, 871 F.3d at 1363-64.

Traxcell's failure to allege facts showing Shopify DP has "a regular and established place of business" in the District requires dismissal of this action for improper venue. *See Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019) ("A presumption that facts pleaded in the complaint are true does not supplant a plaintiff's burden to plead specific facts showing that the defendant has a regular and established place of business physically located in the . . . district.").

**B.    *Traxcell's Complaint Should Be Dismissed For Failure To State A Claim.***

Shopify DP does not engage in any activity that could constitute infringement. Johnson Decl. ¶ 18. Indeed, Traxcell's complaint appears to acknowledge that fact, as the claim chart attached to the complaint only alleges infringement by ***Shopify Inc.***—a separate entity. *See* Compl., Ex. B. But even setting that aside, Traxcell's complaint fails to plead sufficient facts to establish a plausible claim for direct, induced, or contributory infringement against any entity.

    1.  *The complaint fails to state a plausible claim for direct infringement.*

  For direct infringement, Traxcell alleges that Shopify DP infringes "at least claim 1 of the '147 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products."   Compl., ¶ 17.   To plausibly state a claim for direct infringement, Traxcell must plead facts sufficient to establish that Shopify DP either makes, uses, sells, offers for sale, or imports ***every element*** of the asserted claim or controls or directs another who performs those actions.   *Centillion*, 631 F.3d at 1282.   But, and as Traxcell's own complaint concedes, Traxcell's infringement theory depends on third-party components and end-user actions, none of which are controlled by Shopify DP.   *See generally*, Compl., Ex. B.   Traxcell's complaint, therefore, fails to state a plausible claim for direct infringement because it (1) fails to plead any infringing activity by Shopify DP; (2) concedes that third-party devices and end-user activity are required to make and use the allegedly infringing system; and (3) raises no theories of direct infringement through vicarious liability.   Traxcell's failures here are consistent with Traxcell's prior dismissed complaints in other cases.   *See* § I *supra*.

    i. <u>The complaint fails to identify any allegedly infringing activity performed by Shopify DP.</u>

  Traxcell's complaint baldly alleges that Shopify DP infringes by "making, using, ***testing, selling, offering for sale and/or importing*** into the United States Defendant's Accused Products." Compl. ¶ 17 (emphasis added).   Traxcell fails to plead facts sufficient to establish that Shopify DP engages in any of this alleged conduct.   It likewise fails to provide ***any*** developed allegation as to how Shopify DP tests, sells, offers for sale, or imports any product into the United States.   It identifies no tests, no sales, no offers for sale, and no importing of any product or system.   Nor does the complaint identify any accused wireless mobile communication devices that Shopify DP tests, sells, offers for sale, or imports.   *See* Compl., Ex. B at 1.   Accordingly, Traxcell's threadbare

assertions are "completely silent" as to these infringement allegations, fail to satisfy the *Twombly/Iqbal* pleading standards, and should be dismissed.  *See De La Vega*, 2020 WL 3528411, at *5; *id.* at *4 & n.4 (identifying allegedly infringing activities as "part of a long boilerplate sentence of potential infringing actions" is insufficient to survive motion to dismiss).

        ii.   <u>Traxcell concedes that third-party devices and end-user activity are required to complete the accused system.</u>

Traxcell's complaint also concedes that Shopify DP itself does not make, test, use, sell, offer for sale, or import the accused system.  Indeed, Traxcell's infringement allegations depend on third-party components, such as Samsung and Google wireless mobile communication devices that are operated and controlled by end users.  *See*, *e.g.*, Compl., Ex. B at 1 (providing that wireless communication devices are used to retrieve a user location for navigation).  Traxcell does not and cannot allege that Shopify DP provides these wireless mobile communication devices—the hardware component of the accused system—to end users.  "Because [Shopify DP] does not provide its customers with any hardware in conjunction with [the Shop application], [Shopify DP] does not make, sell, or offer for sale the completed invention."  *Synchronoss Techs.*, 987 F.3d at 1368; *Omega Pats., LLC v. CalAmp Corp.*, 920 F.3d 1337, 1345 (Fed. Cir. 2019) (where accused infringer "does not provide all the required claim elements," it does not "make" the accused system); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 n.2 (Fed. Cir. 2000) (no liability for "making . . . less than a complete invention").  In addition, Shop—the accused mobile application—needs to be configured by the end user to have access to a user's location before it can "retrieve a user location for navigation" and perform any location-related steps.  Compl., Ex. B at 1, 19-20.  Therefore, it is the end users who "complete[] the system," not Shopify DP (or any other Shopify entity).  *Centillion*, 631 F.3d at 1288.  Accordingly, Shopify DP does not make, test, sell, offer for sale, or import the accused system.

15

Nor does the complaint plead facts sufficient to establish that Shopify DP "uses" the accused system.  Rather, as Traxcell tacitly admits, the claims require location gathering.  For example, asserted claim 1 requires that a "first processor determines user navigation information and displays the user navigation information according to the location of the wireless mobile communications device with respect to the geographic feature" as well as "sends the user navigation information to the network."  Compl., Ex. A ('147 patent) at claim 1.  And end-user intervention is necessary for the Shop application to allegedly be able to perform any location gathering.  *See*, *e.g.*, Compl., Ex. B at 1, 12, 22 (identifying how "Location permission" must be granted to Shop).  Thus, the accused system does not exist "until a customer loads software on its [third-party provided, wireless mobile communication device] and processes data."  *Centillion*, 631 F.3d at 1287.  Merely supplying software to the end user is insufficient to state a claim for direct infringement.  *Synchronoss Techs.*, 987 F.3d at 1369; *Google LLC*, 3:22-cv-04807-JSC, Dkt. 75 at 5 (C.D. Cal. Nov. 17, 2022) (supplying software that a user can configure "is insufficient to state a claim against the software provider").  Instead, it is end users who "use" the accused system because only the end user uses the accused third-party wireless devices to download, configure, and then use Shop.  Compl., Ex. B at 1, 19-20.[5]  Accordingly, Traxcell fails to plead facts sufficient to establish that Shopify DP makes, uses, sells offers for sale, or imports the accused system; indeed, the facts it pleads confirms Shopify DP does not.

iii. <u>The complaint raises no theories of vicarious liability.</u>

Traxcell has not pled and cannot establish that Shopify DP is vicariously liable for actions taken by the end users who make and use the accused system.  To demonstrate liability, Traxcell

---

[5] As the Court in *Centillion* noted, determining who "uses" "does not settle the issue of infringement."  *Centillion*, 631 F.3d at 1285.

must plead facts sufficient to establish that the actions of the end users may be attributed to Shopify DP, such that Shopify DP benefits from their use. *Centillion*, 631 F.3d at 1287; *see also Cloudofchange*, 2022 WL 15527756, at *5. Traxcell has pled no such facts. As in *Centillion*, the end users of the accused system "do not act as [Shopify DP's] agents . . . nor are they contractually obligated by [Shopify DP] to act" and therefore their conduct cannot be attributed to Shopify DP. *Centillion*, 631 F.3d at 1288. It is those end users who are controlling and benefiting from the system, not Shopify DP. *See id.* at 1285 ("By causing the system as a whole to perform this processing and obtaining the benefit of the result, the customer has 'used' the system under § 271(a)."). Traxcell's complaint fails to identify how Shopify DP benefits from end users making and using the accused system.[6] Accordingly, Traxcell has failed to plead any vicarious liability theories under which there is a plausible claim of direct infringement as to Shopify DP.

2.   *The complaint fails to state a plausible claim for induced infringement.*

Traxcell has not and cannot sufficiently plead the required elements for induced infringement. "To state a claim for induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement." *Addiction & Detoxification*, 620 F. App'x at 938. Besides threadbare statements that "Defendant has knowledge that its activities concerning the Accused Products infringe one or more claims of the '147 patent," Compl., ¶ 19, Traxcell pleads no allegation that Shopify DP had pre-suit knowledge of the '147 patent. Without pre-suit knowledge, there cannot be induced infringement prior to the filing of the lawsuit. *DSU Med.*, 471 F.3d at 1304. Indeed, courts have previously dismissed

---

[6] Traxcell's infringement allegations are further deficient for failing to plead how Shopify DP benefits "from each and every element of the claimed system." *Intellectual Ventures I*, 870 F.3d at 1329; *see also Grecia v. McDonald's Corp.*, 724 F. App'x 942, 948 (Fed. Cir. 2018) (affirming dismissal of complaint where complaint "failed to allege that [defendant] obtained a benefit from each and every claim element."). The complaint discusses no benefit that Shopify DP receives from end users using the accused system.

similar deficient claims asserted by Traxcell.  *See Verizon*, 6:20-CV-01175-ADA, Dkt. 84 (W.D. Tex. May 6, 2022); *Google LLC*, 3:22-cv-04807-JSC, Dkt. 75 (C.D. Cal. Nov. 17, 2022).

Nor is there post-suit induced infringement.  The asserted patent expired ***two*** days after Traxcell filed this case.  *See* Compl., Ex. A ('147 patent).  Any alleged post-suit induced infringement would be at most for those two days.  Even as to those two days, Traxcell fails to identify who the particular direct infringers are and what specific acts it believes Shopify DP took to induce their alleged infringement.  *See generally* Compl.  Moreover, Traxcell's bare recitation that "Defendant provides information and technical support to its customers … encouraging its customers to download and/or purchase and instructing them to use Defendant's Accused Products," Compl., ¶ 19, fails to adequately plead that Shopify DP has the necessary specific intent to cause another party's direct infringement.  *Joao Control*, 2015 WL 3513151, at *5 ("[A] complaint must plead facts that plausibly show that the defendant has specific intent to cause another party's direct infringement and knew that the other party's acts constituted infringement").  Nor does Traxcell identify who Shopify DP's "customers" are.  *Id.* (failure to put defendant "on sufficient notice as to the contours of [plaintiff's] theories of induced infringement" warrants dismissal).  Accordingly, Traxcell's induced infringement allegations should be dismissed.

> 3.    *The complaint fails to state a plausible claim for contributory infringement.*

Traxcell has not and cannot sufficiently plead the required elements for contributory infringement.  A complaint for contributory infringement must include facts sufficient to show that: (1) the defendant supplies a component that is a material part of a patented invention; (2) the defendant knows the component is "especially made or especially adapted for use in an infringement of such patent"; (3) the component is not a staple article or commodity suitable for noninfringing use; and (4) the component is ultimately used in direct infringement of the patent.

*In re Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).  As discussed above, Traxcell fails to plead facts to establish that Shopify DP had pre-suit knowledge of the '147 patent, which is necessary to plead a claim for pre-suit contributory infringement.  *Commil USA*, 575 U.S. at 639. Traxcell's contributory infringement allegations consist of a bare recitation of the legal standard without supporting facts, which is insufficient to state a plausible claim for relief.  Compl., ¶ 18; *see*, *e.g.*, *Twombly*, 550 U.S. at 555 n.3 (Fed. R. Civ. P. 8(a)(2) requires that the complaint provide fair notice of nature of claim).  Indeed, Traxcell's similar threadbare contributory allegations for the same patent have previously been dismissed.  *See Verizon*, 6:20-CV-01175-ADA, Dkt. 84 (W.D. Tex. May 6, 2022); *Google LLC*, 3:22-cv-04807-JSC, Dkt. 75 (C.D. Cal. Nov. 17, 2022).

Traxcell's bare recitation that "Defendant contributes to its customers' infringement because, **with knowledge of the '147 patent**, Defendant supplies the technology that allows its customers to infringe the patent," Compl., ¶ 18 (emphasis added), fails to adequately plead that Shopify DP has the necessary specific knowledge "that **the combination** for which its components were especially made **was both patented and infringing**."  *Golden Blount*, 365 F.3d at 1061 (emphasis added).  Mere alleged knowledge of the '147 patent does not equate to knowledge that the combination was patented and infringing.  *Id*.  And the complaint itself disproves Traxcell's allegation that the accused system "is incapable of substantial noninfringing use," Compl., ¶ 18. It demonstrates that the accused "Shop" mobile application may be used without receiving permission to track a user's location.  *See* Compl., Ex. B at 22.  Therefore, Traxcell's conclusory allegation otherwise fails to adequately plead that the accused system lacks substantial non-infringing uses.  *See, e.g.*, *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, 2021 WL 3931910, at *5 (W.D. Tex. Sep. 1, 2021) (dismissing contributory infringement claims where pleading did "not contain any facts . . . to lead to a plausible inference

19

of any substantial non-infringing use."); *Google LLC*, 3:22-cv-04807-JSC, Dkt. 75 at 9-10 (C.D. Cal. Nov. 17, 2022) ("merely parrot[ing] elements of the cause of action" was insufficient where complaint demonstrated Google Maps could "operate without a user enabling location services").

## V.    CONCLUSION

For the above reasons, Shopify DP, respectfully requests that the Court dismiss Traxcell's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and for failure to state any plausible infringement claim under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

Dated:  December 1, 2022

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HEART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel:  (512) 495-6429
Email:  steve.ravel@kellyhart.com

Gregory H. Lantier (*pro hac vice forthcoming*)
Brittany Amadi (*pro hac vice forthcoming*)
Gerard A. Salvatore (*pro hac vice forthcoming*)
WILMER CUTLER PICKERING HALE AND
   DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
gregory.lantier@wilmerhale.com
brittany.amadi@wilmerhale.com
jerry.salvatore@wilmerhale.com

Liv Herriot (*pro hac vice forthcoming*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
2600 El Camino Real #400
Palo Alto, CA 94306
(650) 858-6000
liv.herriot@wilmerhale.com

Hannah Santasawatkul (*pro hac vice forthcoming*)
Texas State Bar No. 24107617
WILMER CUTLER PICKERING HALE AND
DORR LLP
1225 17th Street, Suite 2600
Denver, Colorado 80202
(720) 274-3135
hannah.santasawatkul@wilmerhale.com

*Attorneys for Defendant Shopify Data
Processing (USA) Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 1, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/      *J. Stephen Ravel*
J. Stephen Ravel

22